# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON JACKSON,<br>CDCR #K-61614,<br><br>                              Plaintiff,<br><br>vs.<br><br>O. GUTIERREZ, et al.,<br><br>                             Defendants. | Civil No.   07-1755 JM (NLS)<br><br>**ORDER:**<br><br>**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 4]; and**<br><br>**(2)  DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO  28 U.S.C. §§ 1915(e)(2) AND 1915A(b)** |

      Plaintiff, Byron Jackson, an inmate currently incarcerated at Corcoran State Prison in Corcoran, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  In his Complaint, Plaintiff alleges that his Fourteenth Amendment rights were violated during his disciplinary hearing while he was incarcerated at Centinela State Prison.

      Plaintiff has not prepaid the civil filing fee required by 28 U.S.C. § 1914(a), but has instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

## I.     Motion to Proceed IFP [Doc. No. 4]

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a

civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 4] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Initial Screening per 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)**

Notwithstanding IFP status or the payment of any partial filing fees, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim).

Before its amendment by the PLRA, former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1130. However, as amended, 28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties").

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S.Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**A.   Fourteenth Amendment Due Process Claims**

Plaintiff alleges that his due process rights were violated during his disciplinary hearing when Centinela prison officials falsified reports in order that Plaintiff would be charged with a felony. (Compl. at 3-5.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can

show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of a disciplinary hearing which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486. In *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation: (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Here, Plaintiff has failed to allege how his disciplinary hearing created "a major disruption" in his environment, or that the length of his sentence was affected. *See id.* Thus, without more, the Court finds that Plaintiff's claims fall "within the range of confinement to be normally expected" by prison inmates "in relation to the ordinary incidents of prison life," and as such, are insufficient to state a due process claim upon which relief can be granted. *Id.* at 486-87.

**B.   Equal Protection Claims**

In addition, Plaintiff claims that prison officials have also violated his right to equal protection under the law. The "Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.* 473 U.S. 432, 439 (1985). In order to state a claim under § 1983 alleging violations of the

1  equal protection clause of the Fourteenth Amendment, Plaintiff must allege facts which
2  demonstrate that he is a member of a protected class. *See Harris v. McRae*, 448 U.S. 297,
3  323 (1980) (indigents); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432,
4  440-41 (1985) (listing suspect classes). In this matter, Plaintiff has not sufficiently plead
5  that he is a member of a protected claims nor has he plead any facts to demonstrate that
6  Defendants acted with an intent or purpose to discriminate against him based upon his
7  membership in a protected class. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th
8  Cir. 1998), *cert. denied*, 525 U.S. 1154 (1999). Plaintiff has also failed to allege
9  sufficient facts which may prove invidious discriminatory intent. *Village of Arlington
10 Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977).
11 Accordingly, the Court dismisses Plaintiff's Fourteenth Amendment equal protection
12 claims for failing to state a claim upon which § 1983 relief can be granted.

13      For all the above reasons, the Court finds that Complaint fails to state a section
14 1983 claim upon which relief may be granted, and is therefore subject to dismissal
15 pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff
16 with an opportunity to amend his pleading to cure the defects set forth above.

17 **III.  Conclusion and Order**

18      Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

19      1.  Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No.
20 4] is **GRANTED**.

21      2.  The Secretary of California Department of Corrections and Rehabilitation,
22 or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the
23 filing fee owed in this case by collecting monthly payments from the account in an
24 amount equal to twenty percent (20%) of the preceding month's income and forward
25 payments to the Clerk of the Court each time the amount in the account exceeds $10 in
26 accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY
27 IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

28

   3. The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

   **IT IS FURTHER ORDERED** that:

   4. Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii) and (iii) and 1915A(b)(1) and (2).  However, Plaintiff is **GRANTED** sixty (60) days leave from the date this Order is stamped "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g).  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

   5. The Clerk of the Court is directed to mail a form § 1983 complaint to Plaintiff.

**IT IS SO ORDERED.**

DATED: January 15, 2008

                    Hon. Jeffrey T. Miller
                    United States District Judge