# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON JACKSON, CDCR #K-61614,<br><br>        Plaintiff,<br><br>    vs.<br><br>O. GUTIERREZ, et al.,<br><br>        Defendants. | Civil No.   07-1755 JM (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION/REQUEST FOR EXTENSION OF TIME TO FILE AMENDED COMPLAINT**<br><br>**[Doc. No. 6]** |

**I.    PROCEDURAL HISTORY**

Byron Jackson ("Plaintiff"), an inmate currently incarcerated at North Kern State Prison ("NKSP") in Delano, California and proceeding pro se, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on September 6, 2007, while he was incarcerated at Corcoran State Prison ("COR").  Plaintiff's claims, however, arose at Centinela State Prison.  Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].

On January 15, 2008, this Court granted Plaintiff's IFP Motion, but dismissed his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  *See* Jan. 15, 2008 Order [Doc. No. 5].  Specifically, the Court found that Plaintiff's Complaint failed to state a due

process claim under 42 U.S.C. § 1983 because he failed to allege the "atypical and significant hardship" required to invoke a protected liberty interest. *Id.* at 4-5 (citing *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). The Court also found Plaintiff failed to allege an equal protection violation because he failed to "demonstrate that he is a member of a protected class," and show the "invidious discriminatory intent" required to violate the Fourteenth Amendment. *Id.* at 5-6 (citing *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440-41 (1985); *Village of Arlington Heights v. Metropolitan Housing Development Corp.*, 429 U.S. 252, 265 (1977)). Plaintiff was granted 60 days leave, however, to amend his pleading. *Id.* at 7; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).)

On March 26, 2008, Plaintiff submitted a Motion/ Request for an extension of time to file his Amended Complaint. Plaintiff requests an additional 30 days leave in which to amend due to his transfer from COR to NKSP. *See* Pl.'s Mot. at 1 & Notice of Change of Address [Doc. No. 7].

## II.  STANDARD OF REVIEW

This is Plaintiff's first request for an extension of time, he is proceeding without counsel and his request is timely.[1] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (court has a "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to . . . technical procedural requirements."). Thus, the Court finds good cause to grant Plaintiff's request. "'Strict time limits . . . ought not to be insisted upon' where restraints resulting from a pro se prisoner plaintiff's

---

[1] While Plaintiff's Motion was not received by the Clerk until *after* the 60 days in which he was granted leave to amend had elapsed, his Motion is timely under *Houston v. Lack*, 487 U.S. 266, 270 (1988) because the "Declaration of Service by Mail" attached to his Motion indicates he delivered it to the "proper institutional officials [at NKSP] for deposit in the U.S. Mail" on March 13, 2008. (Pl.'s Mot. at 2.) *Houston* and its progeny provide that notices of appeal, and other documents submitted by pro se prisoners, are deemed "filed" on the date the prisoner "deliver[s] [them] to prison authorities for forwarding to the [d]istrict [c]ourt." *Id.; see also Schroeder v. McDonald*, 55 F.3d 454, 459 (9th Cir. 1995).

incarceration prevent timely compliance with court deadlines." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citing *Tarantino v. Eggers*, 380 F.2d 465, 468 (9th Cir. 1967); *see also Bennett v. King*, 205 F.3d 1188, 1189 (9th Cir. 2000) (reversing district court's dismissal of prisoner's amended pro se complaint as untimely where mere 30-day delay was result of prison-wide lockdown).

### III. CONCLUSION AND ORDER

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion/Request for Extension of Time to Amend [Doc. No. 6].

Plaintiff's Amended Complaint, should he elect to file one, must be filed with the Court no later than **Monday, June 30, 2008.** Plaintiff's Amended Complaint must address the deficiencies of pleading previously identified in the Court's January 15, 2008 Order [Doc. No. 5]. If Plaintiff chooses not to file a Amended Complaint within that time, this action shall remain dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) and § 1915A(b) and without further Order of the Court.

**IT IS SO ORDERED.**

DATED: June 2, 2008

Hon. Jeffrey T. Miller
United States District Judge